UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FORMER VACUUM & JANITOR SUPPLY CO., INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:06CV00905 RWS<br>) |
| RENARD PAPER CO., INC., et al., | )<br>) |
| Defendants/Third-Party Plaintiffs, | )<br>)<br>) |
| vs. | )<br>) |
| SOUTHWEST BANK OF ST. LOUIS | )<br>) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Southwest Bank of St. Louis' Motion to Dismiss Plaintiff H&M Commercial Cleaning, L.L.C.'s Third-Party Complaint [#40].

Plaintiff H&M Commercial Cleaning, L.L.C. filed this Third-Party Complaint alleging that if Third-Party Defendant Southwest Bank of St. Louis is found not to have had all the rights to the name "O.K. Vacuum & Janitor Supply" to sell to H&M, then Southwest Bank is liable to H&M for negligent misrepresentation, fraudulent misrepresentation, and breach of contract.

Southwest Bank moves to dismiss H&M's Third-Party Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Southwest Bank argues that: (1) H&M has failed to allege that Southwest supplied H&M with false information;

(2) H&M could not have justifiably relied on any purported promise, representation or agreement that Southwest Bank had the right to sell the name "O.K. Vacuum & Janitor Supply;" and (3) H&M has failed to allege a breach of any contractual term by Southwest.

Viewing the facts alleged in the Third-Party Complaint in the light most favorable to H&M, I find that H&M has alleged facts sufficient to support a claim of negligent misrepresentation, fraudulent misrepresentation, and breach of contract. I will deny Southwest Bank's Motion to Dismiss.

**Background**

The facts, as alleged by H&M in its Third-Party Complaint, are as follows:

Before September 2003, O.K. Vacuum & Janitor Supply Company, Inc. operated both a *wholesale* vacuum and janitorial supply business ("Wholesale Business") and a *retail* store that sold vacuums and janitorial supplies directly to retail consumers ("Retail Business"). In September 2003, Southwest Bank of St. Louis ("Southwest Bank") acquired the Wholesale Business of O.K. Vacuum & Janitor Supply Company, Inc. Pursuant to an agreement with O.K. Vacuum & Janitor Supply Company, Inc. and Renard Paper, Southwest Bank sold the Wholesale Business assets to Renard Paper. O.K. Vacuum & Janitor Supply Company, Inc., Renard Paper and Southwest Bank all understood that the name "O.K. Vacuum & Janitor Supply" was the name used by the Retail Business and was not an asset of the Wholesale Business. As a result, the Wholesale Business assets sold to Renard Paper did not include any rights to the name "O.K. Vacuum & Janitor Supply." O.K. Vacuum & Janitor Supply Company, Inc. later changed its name to Former Vacuum & Janitor Supply Co., Inc. and continued to operate the Retail Business under the name "O.K. Vacuum & Janitor Supply."

On or about November 16, 2004, Southwest Bank acquired the Retail Business from Former Vacuum & Janitor Supply Co., Inc. On November 16, 2004, pursuant to an Asset Purchase Agreement ("APA"), Southwest Bank sold the Retail Business to H&M Commercial Cleaning, L.L.C. ("H&M"). The Secured Party Bill of Sale ("BOS") referred to an attached "Exhibit A", which listed the assets being sold to H&M as including "[a]ll . . . service marks, trademarks, [and] trade names." Pursuant to the sale of the Retail Business to H&M, Southwest Bank represented to H&M that the name "O.K. Vacuum & Janitor Supply" was among the assets included in the sale of the Retail Business to H&M.

On June 9, 2006, H&M filed its original complaint in this case against Renard Paper and David and Paul Renard ("Renard Parties") for trademark infringement, unfair competition, and tortious interference, claiming that Renard Paper was unlawfully using the name "O.K. Vacuum & Janitor Supply."[1] The Renard Parties responded by filing a Third-Party Complaint against Southwest Bank for trademark infringement, unfair competition, tortious interference and unfair competition.

H&M subsequently filed this Third-Party Complaint against Southwest Bank.

Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the specific facts are not necessary, the plaintiff must allege facts

---

[1] H&M filed an amended complaint against the Renard Parties on September 28, 2006.

sufficient to give fair notice of what the claim is and the grounds upon which it rests. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Pursuant to Rule 10(c) of the Federal Rules of Evidence, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Accordingly, when ruling on Southwest Bank's Motion to Dismiss, I may examine the Asset Purchase Agreement and the Secured Party Bill of Sale, dated November 16, 2004, and Exhibit A attached thereto, all of which were attached as Exhibit 1 to H&M's Third-Party Complaint. See Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003); Stodghill v. Welton Sch. Dist., No. 4:05-CV-1417 CEJ, 2006 WL 2673130, at * 2 (E.D. Mo. Sept. 18, 2006).

**Analysis**

Negligent Misrepresentation

In its Third-Party Complaint, H&M alleges that if Southwest did not own the name "O.K. Vacuum & Janitor Supply" on the date that Southwest sold the Retail Business to H&M, then Southwest negligently misrepresented information regarding its ownership of, and ability to sell, the name "O.K. Vacuum & Janitor Supply." H&M alleges that it justifiably relied on this information and that its reliance resulted in damage to H&M.

To successfully claim negligent misrepresentation under Missouri law, a plaintiff must show the following elements: "(1) the defendant supplied information in the course of its business or because of some other pecuniary interest; (2) due to the defendant's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false; (3) the defendant intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the plaintiff justifiably relied on the information; and (5) as a result of the plaintiff's reliance on the statement, the plaintiff suffered a

pecuniary loss." Mark Twain Kansas City Bank v. Jackson, Brouillette, Pohl & Kirley, P.C., 912 S.W.2d 536, 538 n.2 (Mo. Ct. App. 1995).

Southwest Bank first argues that H&M has failed to allege that any of the information Southwest Bank represented to H&M was false. To support this contention, Southwest states that the APA, BOS, and Exhibit A contain no representations as to the name "O.K. Vacuum & Janitor Supply," and that under the terms of the sale, H&M was acquiring only those Retail Business assets whose interests were held by O.K. Vacuum & Janitor Supply Company, Inc. at the time of sale to H&M.

Southwest Bank cites Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc., 474 F.3d 463, 466 (7th Cir. 2007), for the proposition that contradictions between factual allegations in a complaint and facts contained in a document attached to the complaint are resolved in favor of the attached document. Southwest Bank argues that because H&M's allegation of false representation is contradicted by the APA, BOS, and Exhibit A, H&M's allegation of false representation is "trumped" by those documents, and as a result H&M cannot alleged false representation.

Southwest Bank's argument fails. In Flannery v. Recording Industry Ass'n of America, 354 F.3d 632, 638 (7th Cir. 2004), the Seventh Circuit stressed that facts contained in attached documentation will trump factual allegations in the complaint *only* where "the statements are 'inherently inconsistent;'" not where discrepancies merely "create an issue of credibility or go to the weight of the evidence." While Exhibit A states that the interests being transferred were those owned by O.K. Vacuum & Janitor Supply Company, Inc. as of the date of sale to H&M, such a statement is not inherently inconsistent with the position that the APA, BOS, and Exhibit A, taken as a whole, represent an understanding that the name "O.K. Vacuum & Janitor Supply"

5

was among the assets being sold to H&M. The language of Exhibit A refers generically to "service marks, trademarks and patents." Exhibit A fails to specifically exclude the name "O.K. Vacuum & Janitor Supply" from those service marks and trademarks and it fails to specifically list what service marks and trademarks *were* included in the transfer of assets. Thus, the language in Exhibit A does not inherently contradict the allegations of H&M.

More importantly however, Southwest Bank mis-characterizes H&M's allegation. H&M's complaint does not allege that Southwest Bank's misrepresentations were made *within* the APA, BOS, or Exhibit A, but rather the misrepresentations were made *pursuant* to the APA. H&M argues that the misrepresentations alleged in its Third-Party Complaint were made prior to the signing of the APA, and that it was the false representations themselves that induced H&M to sign the APA. As a result, even if the language of the APA, BOS, and Exhibit A makes no representations regarding the name "O.K. Vacuum & Janitor Supply," H&M's allegation of previous false representations survives a motion to dismiss because H&M's claim is not contingent upon misrepresentations *within* the APA, BOS, or Exhibit A.

Southwest Bank also argues that H&M cannot allege justifiable reliance because both the APA and BOS contain language disclaiming any representations or warranties regarding the assets being sold. Southwest Bank cites Mark Twain Kansas City Bank, 912 S.W.2d at 536, for the proposition that such a disclaimer renders reliance unjustifiable as a matter of law. However, Southwest Bank mischaracterizes the holding in Mark Twain Kansas City Bank. In that case, a disclaimer in an attorney's opinion letter was found to preclude justifiable reliance on the opinion letter itself. Id. at 537. This holding does not mean that a disclaimer contained in one particular document will shield a defendant from liability for any and all prior misrepresentations.

6

As previously discussed, H&M does not allege that the misrepresentations were contained in the APA or BOS, but rather H&M alleges that false representations made prior to executing the APA and BOS induced H&M to sign the APA. Missouri case law holds that "a party may not, by disclaimer or otherwise, contractually exclude liability for fraud in inducing that contract." Lollar v. A.O. Smith Harvestore Products, Inc., 795 S.W.2d 441, 448 (Mo. Ct. App. 1990). As Missouri case law has extended the rule that parol evidence is admissible in fraud cases to also include negligent misrepresentation cases, it further follows that Southwest Bank is not able to contractually exclude liability for its negligent misrepresentations which induced the contract. Cabinet Distribs. v. Redmond, 965 S.W.2d 309, 314 (Mo. Ct. App. 1998). Thus, the disclaimers in the APA and BOS have no effect on H&M's right to rely on Southwest Bank's prior representations.

As a result, I find that H&M has made sufficient allegations to support a claim of negligent misrepresentation. Southwest's Motion to Dismiss is denied on these grounds.

Fraudulent Misrepresentation

H&M alleges that if Southwest Bank did not own the name "O.K. Vacuum & Janitor Supply" on the date that Southwest Bank sold the Retail Business to H&M, Southwest Bank fraudulently misrepresented information regarding its ownership of, and ability to sell, the name "O.K. Vacuum & Janitor Supply." To successfully claim fraudulent misrepresentation under Missouri law, a plaintiff must show, *inter alia*, that the defendant made a false representation. Martha's Hands, L.L.C. v. Starrs, 208 S.W.3d 309, 314 (Mo. Ct. App. 2006).

Southwest Bank argues that H&M has failed to state a claim for fraudulent misrepresentation because H&M has not alleged that Southwest Bank supplied H&M with false information. Southwest Bank reiterates its contention that H&M has failed to allege a

7

misrepresentation because H&M's allegation is contradicted by the documents attached to the Third-Party Complaint, and is thus trumped by the APA, BOS, and Exhibit A. As discussed above, this argument fails.

Southwest Bank's Motion to Dismiss is denied on these grounds.

Breach of Contract

H&M alleges that if Southwest Bank did not include the name "O.K. Vacuum & Janitor Supply" among the Retail Business assets it sold to H&M, then Southwest Bank has materially breached the APA. To successfully claim breach of contract under Missouri law, a plaintiff must show, *inter alia*, a breach of a contractual obligation by the defendant. Hanna v. Darr, 154 S.W.3d 2, 5 (Mo. Ct. App. 2004).

Southwest Bank argues that H&M has failed to state a claim for breach of contract because H&M has failed to allege a breach of a contractual obligation on the part of Southwest.

Southwest Bank again points to the APA, BOS, and Exhibit A to show that no agreement existed between Southwest Bank and H&M regarding the name "O.K. Vacuum & Janitor Supply." For the reasons discussed above, this argument fails.

H&M argues that the terms of the APA, BOS, and Exhibit A are ambiguous; therefore, parol evidence should be examined to determine the intention of the parties. H&M contends that the language in Exhibit A limiting the sale to those interests held by O.K. Vacuum & Janitor Supply Company, Inc. at the time of sale to H&M was merely "boiler plate" and was intended to reflect the fact that the Retail Business remained in operation and would inevitably experience day to day fluctuations in inventory.

Although the question of whether an integrated contract contains an ambiguity is a matter of law, "evidence relating to prior negotiations and other circumstances surrounding the making

of the contract are to be considered in determining whether the contract is ambiguous." Sun Oil Co. v. Vickers Refining Co., 414 F.2d 383, 387 (8th Cir. 1969) (citing Restatement (First) of Contracts § 242 (1932)).

H&M has attached several documents to its Response to the Motion to Dismiss that relate to the circumstances surrounding the making of the contract with Southwest Bank. However, under Federal Rule of Civil Procedure 12(c), I may not consider "matters outside the pleadings" when considering a motion to dismiss. Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002). Because I may not consider these documents at this stage of the proceedings I cannot determine whether ambiguity exists.

Based on the pleadings, I find that H&M has alleged facts sufficient to support a finding of ambiguity and therefore to support a claim of breach of contract. I will deny Southwest Bank's Motion to Dismiss on these grounds.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Southwest Bank of St. Louis' Motion to Dismiss [#40] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2007.